# FRANKLIN COUNTY,

## January Term, 1838.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
" SAMUEL S. PHELPS, 
" JACOB COLLAMER, } *Assistant Justices.*
" ISAAC F. REDFIELD, 

HUBBARD BARLOW *v.* LUTHER B. HUNT, Trustee of DAVID TRACY.

Service of a writ on the principal debtor, by leaving a copy at his last and usual place of abode, in this state, is good, without expressing with whom the copy was left.
The statute of 1807, in the command to the officer, regulates the mode of service on the principal debtor.

THIS was a trustee process, returnable to the County Court, at their September Term, 1837. Service was accepted by the trustee,—and service by a legal officer, made on the principal debtor. The following is a copy of the officer's return :—

" Franklin County, ss. June 4, 1837.
" Then served this writ, on the within named David Tra-
" cy, by leaving at his last and usual place of abode, in this
" state, a true and attested copy of the writ, with my return
" thereon endorsed.
" Attest,    T. H. Campbell, Deputy Sheriff."

The defendant pleaded in abatement, that there was no legal service upon the principal debtor, to which plea, the plaintiff demurred. The county court adjudged the plea insufficient, and the defendant excepted.

*H. R. Beardsley*, for defendant.

The service was not a compliance with the act, by which

FRANKLIN,
January,
1838.

Barlow
v.
Hunt, trustee
of Tracy.

this case is to be regulated. See judiciary act, p. 64, sec. 26.

This act directs, in cases where the copy cannot be delivered to the defendant in person, that it shall be left at his or her usual abode, with some person of sufficient discretion, &c., and if there be no such person, the officer is then directed to lodge the same at the house of the defendant's usual abode, *in such situation as the defendant will most probably receive it, and the manner of such service shall be particularly expressed in the return made by such officer.*

Now the difficulty with the present return is, that it does not particularly express the manner of service. It does not appear whether the copy was left with any person, or that any person was there, nor does it appear that the copy was left in such situation, as the defendant would most probably receive it. And for aught that appears by the return, the copy might have been left in the cellar or garret, where the defendant would not be likely to receive it.

This question has undergone an examination in the case of *Marvin* v. *Wilkins*, 1 Aik. R. 107, in which the ground now taken was substantially sustained.

*Smalley & Adams*, for plaintiff.

I. The plea in abatement, is defective both in form and in substance, inasmuch as it does not specify in what respect the service of the writ is insufficient, and, in pleas of this nature, the utmost certainty and precision are required. The plea may be true, that " no legal service was made on defendant by a Sheriff, &c.," and yet, the writ ought not to abate on that ground, for he may have accepted service, and thereby have rendered legal service, by an officer of the law, unnecessary.

II. The service of the officer is strictly conformable to the requirements of law. The act of 1797, in relation to absconding or concealed debtors, directs that the process shall be served on the trustee, and on the principal debtor, in the same manner as in case of original writs. Stat. 149, s. 1. The act of March 2, 1797, here referred to, sect. 26, directs the mode of service in this class of cases.

1. Writs of summons, which can be served only in cases

where the defendant is, at the time of the service, an inhabitant of the state.

2. Writs of attachment, when the defendant is an inhabitant of the state.

3. Writs of attachment on property found within the state, when the defendant is not an inhabitant thereof.

FRANKLIN,
January,
1838.

Barlow
v.
Hunt, trstee
of Tracy.

The trustee process is a mode, by which the property of a non-resident, in the hands of his agent, is attached, and the process was required to be served only in the manner pointed out in the act of March 1799, for the service of attachment on property, belonging to persons not residing in the state. By this act, service of attachment, on the property of a non-resident, was directed to be made by leaving a copy of the writ with the defendant's agent or attorney, if known, and if he had none, to the knowledge of the officer, by leaving a copy at the place where the goods were found.. But the direction of the statute, as to the situation in which the copy should be left, and the special return required, in the case of writs of summons, on inhabitants of the state, and of attachment of property belonging to persons residing therein, do not extend to the attachments of the property of persons supposed not to reside in the State, and, consequently could not extend to the trustee process.

The trustee act of 1807, however, required a special direction to be inserted in the writ, as to the manner of service on the absconding debtor, and would seem to have removed all doubts in the matter, and the return of the officer, in this case, is made strictly according to the requirements of the latter act. Stat. 155.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The plea in abatement supposes that the service on the principal debtor is to be made in the same manner, as the service of a writ of summons, and to a certain extent, the position is correct. The first statute, in relation to trustees of absconding or concealed debtors, provided only that the writ should be served on the trustee or trustees, or the principal debtor, in the same manner as in case of original writs, without saying whether it should be served on the principal debtor, as a writ of summons or attachment. The process, provided by the act, was, in form, similar to a writ of summons, particularly as it respects the trustee. In effect, it

CASES IN THE SUPREME COURT

FRANKLIN,
January,
1838.

Barlow
v.
Hunt, trustee
of Tracy.

was an attachment of the property, in action, of the debtor, as property, in possession, was subject to attachment by the general law. There was a difficulty in making service on an absconding debtor, as in the case of a writ of summons, where he had left the state, and had left no family or house, as the 26th section of the judiciary act, in providing for the service of a writ of summons, declares that the copy should be left *at the house of the usual abode* of the defendant. There was a still further difficulty, arising from the form given for the process, in such action. The command of the writ was only to summon the trustee, and made no mention of any service on the absconding or concealed debtor. Hence the officer frequently obeyed only the command in the writ, and neglected to make any service on the debtor. To remedy these inconveniences, the statute of 1807, in addition to the trustee act, was passed, by the fifth section of which it was required that the writ should contain a command to the officer, to whom it was directed, to leave a true and attested copy of the writ, with a return of his doings thereon, at the last and usual place of abode of the absconding or concealed debtor, within the state. And it was enacted, that unless the writ was so directed, the officer, serving the same, should be liable to no damage which might accrue, by reason of his not leaving a copy thereof, at the usual place of abode of such absconding or concealed debtor. This section must be considered as prescribing the form and manner of serving such process on the principal debtor, as the incipient step of the proceedings against him, and no other service can now be required. It is to be remembered that, by another section of the first statue, no judgment is to be rendered against the principal debtor, unless he has had actual notice of the suit, or has been notified by a publication in some newspaper, in the same manner as notice is given in other cases, where the defendant is out of the state at the time of the commencement of the suit. It results from this view of the statute, that the service of the writ, in this case, is good, being made precisely in the manner contemplated in the section of the act of 1807, before mentioned.

The judgment of the county court is affirmed.